UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

REDOUANE FOUISSI, and other similarly situated individuals,

    Plaintiff(s),

v.

FOOD PLUS ENTERPRISES INC d/b/a Family Food Store; AJA LAND LLC d/b/a Family Food Store f/k/a AJA LAND NO 2 LLC; AJA WHOLESALE INTERNATIONAL INC., d/b/a King's Market a/k/a King Food Spot; and ABDEL ASSAF d/b/a King's Market a/k/a King Food Spot,

    Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, **REDOUANE FOUISSI** ("Plaintiff") and other similarly situated individuals, sue the Defendants, **FOOD PLUS ENTERPRISES INC.** d/b/a Family Food Store; **AJA LAND LLC** d/b/a Family Food Store f/k/a AJA LAND NO 2 LLC; **AJA WHOLESALE INTERNATIONAL INC.** d/b/a King's Market a/k/a King Food Spot and **ABDEL ASSAF** d/b/a King's Market a/k/a King Food Spot (collectively the "Defendants") and allege:

www.saenzanderson.com



1

## JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

## VENUE

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. FOOD PLUS ENTERPRISES INC. d/b/a Family Food Store; AJA LAND LLC d/b/a Family Food Store f/k/a AJA LAND NO 2 LLC; AJA WHOLESALE INTERNATIONAL INC. d/b/a King's Market a/k/a King Food Spot (the "Corporate Defendants") and ABDEL ASSAF d/b/a King's Market a/k/a King Food Spot (the "Individual Defendant"), are Florida companies and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade, Florida.

4. Individual Defendant owns the Corporate Defendants and manages the operations of the Corporate Defendants. Individual Defendant supervised Plaintiff at all times relevant.

5. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise or an agent of each other. Alternatively, each company is an enterprise under the Act.

6. Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Corporate Defendants are an agent of each other or are joint employers. Alternatively, each company is an enterprise under the Act.

**COUNT I: WAGE AND HOUR VIOLATION BY
THE CORPORATE DEFENDANTS (OVERTIME)**

7. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

8. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provides their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over

state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.  Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. By reason of the foregoing, the Corporate Defendants **are** and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants **are** food stores and, through their business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a cashier for the Corporate Defendants' business.

11. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 70-80 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a cashier performing the same or similar duties as that of those other similarly situated cashiers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

12. Plaintiff worked for the Corporate Defendants from approximately 02/06/2019 to 03/09/2020. In total, Plaintiff worked approximately 56.714 compensable weeks under the Act, or 56.714 compensable weeks if we count 3 years back from the filing of the instant action.

www.saenzanderson.com



4

13. The Corporate Defendant paid Plaintiff on average approximately $10 per hour.

14. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

15. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

16. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

|  | CACULATION - HOURLY |
|---|---|
| **START DATE FOR COMPENSABLE WEEKS** | 2/6/2019 |
| **END DATE FOR COMPENSABLE WEEKS** | 3/9/2020 |
| **TOTAL COMPENSABLE WEEKS** | 56.71428571 |
| **HOURLY RATE** | $ 10.00 |
| **HOURS WORKED** | 80 |
| **OVERTIME RATE** | $ 5.00 |
| **OVERTIME HOURS WORKED** | 40 |
| **OVERTIME (ACTUAL DAMAGES)** | $ 11,342.86 |
| **OVERTIME (LIQUIDATED DAMAGES)** | $ 11,342.86 |
| **TOTAL DAMAGES** | $ 22,685.71 Plus attorney's fees and costs. |

17. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

www.saenzanderson.com



The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

18. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

19. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

20. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair


www.saenzanderson.com
SAENZ & ANDERSON
ATTORNEYS AT LAW

Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## BENCH TRIAL DEMAND

Plaintiff and those similarly situated demand trial by a Judge of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY
## ABDEL ASSAF d/b/a King's Market a/k/a King Food Spot (OVERTIME)

21.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22.  At the times mentioned, the Individual Defendant was, and is now, the Owner and/or Officer of the Corporate Defendants. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

23. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act.

24. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

25. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## BENCH TRIAL DEMAND

www.saenzanderson.com



8

Plaintiff and those similarly situated demand trial by a Judge of all issues so triable as of right.

Dated: July 13, 2020.                                    Respectfully submitted,

                                                         By: /s/ Tanesha Blye
                                                         Tanesha Blye, Esquire
                                                         Fla. Bar No.: 0738158
                                                         Email: tblye@saenzanderson.com

                                                         Aron Smukler, Esquire
                                                         Fla. Bar No.: 297779
                                                         Email: asmukler@saenzanderson.com

                                                         R. Martin Saenz, Esquire
                                                         Fla. Bar No.: 0640166
                                                         Email: msaenz@saenzanderson.com

                                                         SAENZ & ANDERSON, PLLC
                                                         20900 NE 30th Avenue, Ste. 800
                                                         Aventura, Florida 33180
                                                         Telephone: (305) 503-5131
                                                         Facsimile:  (888) 270-5549
                                                         *Counsel for Plaintiff*


www.saenzanderson.com
